FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANE DOES, No. 1-6; JOHN DOES, No. 2, 3, and 5, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants,

v.

REDDIT, INC.,

Defendant-Appellee.

No.    21-56293

D.C. No.
8:21-cv-00768-JVS-KES

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 29, 2022
Pasadena, California

BEFORE:  MILAN D. SMITH, JR. and RYAN D. NELSON, CIRCUIT JUDGES, and GERSHWIN A. DRAIN, [*] DISTRICT JUDGE.

Opinion by Judge Milan D. Smith, Jr.;
Partial Concurrence by Judge R. Nelson

---

[*]    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

# SUMMARY[**]

## Communications Decency Act

Affirming the district court's dismissal of an action under the federal civil sex trafficking statute, 18 U.S.C. § 1595, the panel held that § 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), shielded defendant Reddit, Inc., from liability.

Users of Reddit, a social media platform, posted and circulated sexually explicit images and videos of minors online. The victims, or their parents, sued Reddit pursuant to § 1595, the Trafficking Victims Protection Reauthorization Act.

The panel held that Reddit, an "interactive computer services" provider, generally enjoys immunity from liability for user-posted content under § 230(c)(1). However, pursuant to the Allow States and Victims to Fight Online Sex Trafficking Act of 2018 ("FOSTA"), § 230 immunity does not apply to child sex trafficking claims if the conduct underlying the claim also violates 18 U.S.C. § 1591, the criminal child sex trafficking statute.

In Section II.A of its opinion, the panel held that the plain text of FOSTA, as well as precedent interpreting a similar immunity exception under the Foreign Sovereign Immunities Act, established that the availability of FOSTA's immunity exception is contingent upon a plaintiff proving that a defendant-website's own conduct—rather than its users' conduct—resulted in a violation of 18 U.S.C. § 1591. In Section II.B, the panel held that FOSTA's wider statutory context confirmed its reading. In Section II.C, the panel held that its reading was also supported by the legislative history of FOSTA.

The panel concluded that plaintiffs did not allege that Reddit knowingly participated in or benefitted from a sex trafficking venture, and they therefore failed to state a sex trafficking claim.

Concurring in part, Judge R. Nelson joined the majority opinion except those

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

portions of Section II.C. that discussed the legislative history of FOSTA. Judge R. Nelson wrote that the panel need not and should not consider the legislative history since FOSTA's text was clear.

---

## COUNSEL

---

Krysta K. Pachman (argued), Davida Brook, and Halley W. Josephs, Susman Godfrey L.L.P., Los Angeles, California; Arun Subramanian, Tamar E. Lusztig, and Amy Gregory, Susman Godfrey L.L.P., New York, New York; Steve Cohen and Raphael Janove, Pollock Cohen LLP, New York, New York; for Plaintiffs-Appellants.

Theane Evangelis (argued), Michael H. Dore, Bradley J. Hamburger, and Matt A. Getz, Gibson Dunn & Crutcher LLP, Los Angeles, California; Kristin A. Linsley and Matthew N. Ball, Gibson Dunn & Crutcher LLP, San Francisco, California; for Defendant-Appellee.

Andrew J. Pincus, Mayer Brown LLP, Washington, D.C.; Avi M. Kupfer, Mayer Brown LLP, Chicago, Illinois; for Amici Curiae Chamber of Progress and Information Technology and Innovation Foundation.

Marci A. Hamilton, Alice Bohn, and Jessica Schidlow, CHILD USA, Philadelphia, Pennsylvania; Andrew N. Chang, Esner Chang & Boyer, Pasadena, California; for Amicus Curiae Child USA.

M. SMITH, Circuit Judge:

Users of the social media platform Reddit posted and circulated sexually explicit images and videos of minors online. In response, the victims, or their parents, sued Reddit pursuant to 18 U.S.C. § 1595. The district court dismissed the claim, holding that section 230 of the Communications Decency Act (CDA), 47 U.S.C. § 230(c)(1), shielded Reddit from liability.

Because Reddit is an "interactive computer services" provider, it generally enjoys immunity from liability for user-posted content under § 230(c)(1), or "section 230 immunity." However, pursuant to the Allow States and Victims to Fight Online Sex Trafficking Act of 2018 (FOSTA), section 230 immunity does not apply to child sex trafficking claims—*if* the "conduct underlying the claim" also violates 18 U.S.C. § 1591, the criminal child sex trafficking statute. 47 U.S.C. § 230(e)(5)(A). The dispute in this case is whether the availability of FOSTA's immunity exception is contingent upon a plaintiff proving that a defendant-website's own conduct—rather than its users' conduct—resulted in a violation of 18 U.S.C. § 1591. We hold that it does, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Reddit is a social media platform that allows users to publicly post content. It is organized by small, searchable forums devoted to specific topics, called subreddits. Reddit users create and moderate each subreddit, dictating the type of

content users can post. In turn, Reddit employees can remove moderators, content, or entire subreddits that do not conform to Reddit policies.

The plaintiffs in this case are the parents of minors, and one former minor, who have had sexually explicit images and videos of them posted to Reddit. Each plaintiff tells a similar story: after discovering explicit images or videos of their children (or themselves) posted to one or more subreddits, they immediately reported the content to the subreddit moderators and to Reddit employees. In response, Reddit sometimes—though not always—removed the content, only for it to be reposted shortly afterward. This cycle repeated again and again across different subreddits. Collectively, the plaintiffs contacted Reddit hundreds of times to report the explicit posts.

The plaintiffs allege that the presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue. As of April 2021, when this suit was filed, Reddit hosted many subreddits that openly and explicitly marketed themselves as fora for child pornography, with names like /r/BestofYoungNSFW, r/teensdirtie, /r/TeenBeauties, and /r/YoungGirlsGoneWild. Users publicly "trade" and solicit child pornography on these pages, and advocacy groups and the press have repeatedly reported this activity to Reddit.

Plaintiffs allege that Reddit earns substantial advertising revenue from subreddits that feature child pornography because they generate controversy and attract viewers. Indeed, third-party advertising tools have listed several subreddits dedicated to child pornography as some of the most popular pages on the platform, which encourages advertisers to buy ad space on those pages. As such, the plaintiffs contend that Reddit financially benefits from openly hosting child pornography.

The plaintiffs further contend that, because it enjoys the revenue generated by child pornography, Reddit has taken little action to block it from the platform. The plaintiffs allege that Reddit does not adequately train its moderators to screen and remove unlawful content and that some moderators post child pornography themselves. Moreover, Reddit has not implemented basic security measures, such as age verification or IP-address tracking to ban repeat offenders, and it delayed adoption of automated image-recognition technologies like "PhotoDNA," which can detect child pornography and prevent it from being posted.

Based on the foregoing, the plaintiffs filed a class-action lawsuit against Reddit pursuant to the federal civil sex trafficking statute, 18 U.S.C. § 1595, claiming that Reddit is liable as a beneficiary of child sex trafficking, among other causes of action. Reddit filed a motion to dismiss for failure to state a claim, which the district court granted. The district court held that, to avoid section 230

4

immunity under FOSTA, the plaintiffs were required to plead that Reddit's own conduct violated the criminal sex trafficking statute, 18 U.S.C. § 1591, and they failed to do so. Plaintiffs now appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a decision on a motion to dismiss for failure to state a claim de novo. *Gonzalez v. Google LLC*, 2 F.4th 871, 885 (9th Cir. 2021). We take the allegations in the complaint as true and view them in the light most favorable to the plaintiffs. *Id.*

## ANALYSIS

### I

At issue in this appeal is the scope of FOSTA's exception to section 230 immunity for civil child sex trafficking claims. The answer to the question involves several interrelated statutory provisions. To begin, pursuant to 47 U.S.C. § 230(c)(1), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." In general, this provision "immunizes providers of interactive computer services against liability arising from content created by third parties." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (cleaned up). In other words, it "protects websites from liability for material posted on the website by someone

else." *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 850 (9th Cir. 2016). This protection is "robust." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003).

In 2018, Congress amended section 230 by passing FOSTA. Pub. L. No. 115-164, 132 Stat. 1253. Among other things, FOSTA provides that section 230 immunity does not apply to certain sex trafficking claims. Pursuant to 47 U.S.C. § 230(e)(5)(A), "[n]othing in [section 230] . . . shall be construed to impair or limit . . . any claim in a civil action brought under section 1595 of title 18, if the conduct underlying the claim constitutes a violation of section 1591 of that title."

In turn, this provision of FOSTA incorporates two sections of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1589 *et seq*. First, section 1595 of the TVPRA provides a civil cause of action for violations of the federal trafficking laws. 18 U.S.C. § 1595(a). It permits trafficking victims to sue the perpetrators of their trafficking as well as anyone who "knowingly benefits . . . from participation in a venture which that person knew or should have known" was engaged in sex trafficking. *Id.*

Section 1591, on the other hand, is the federal criminal child sex trafficking statute. Like section 1595, section 1591 covers both perpetrators and beneficiaries of trafficking. *Id.* § 1591(a). However, the standard for beneficiary liability pursuant to section 1591 is higher: to be held criminally liable as a beneficiary, a

6

defendant must have actual knowledge of the trafficking and must "assist[], support[], or facilitat[e]" the trafficking venture. *Id.* § 1591(e)(4).

In sum: websites are generally immune from liability for user-posted content, but that immunity does not cover civil child sex trafficking claims *if* the "conduct underlying the claim" violates 18 U.S.C. §1591.

## II

Both parties agree that section 230 immunity applies to the claims against Reddit. Reddit is an "interactive computer service" provider as defined in § 230(f)(2) and the plaintiffs' claims treat Reddit "as the publisher or speaker" of "information provided by another information content provider." 18 U.S.C. § 230(c)(1). Accordingly, the parties focus their arguments on whether plaintiffs' claims benefit from FOSTA's exception.

The parties dispute whose conduct must have violated 18 U.S.C. §1591 for a website to be held liable in a civil trafficking suit. Reddit argues that a website may only be liable for its own criminal conduct. Plaintiffs argue that a website may be liable as a beneficiary when *someone's* conduct (likely a user's conduct) violated the criminal statute and the claim against the website derives from that violation. District courts in our circuit are split on the issue. *Compare J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2021 WL 4079207, at *6 (N.D. Cal. Sept. 8, 2021) (holding defendant's own conduct must violate criminal statute), *M. L. v.*

*Craigslist Inc.*, No. C19-6153 BHS-TLF, 2020 WL 5494903, at \*4 (W.D. Wash. Sept. 11, 2020), *and A.M. v. Omegle.com, LLC*, No. 3:21-CV-01674-MO, 2022 WL 2713721, at \*7 (D. Or. July 13, 2022), *with Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 921 (N.D. Cal. 2021) (holding that the remedial purpose of FOSTA supports a liberal construction of the immunity exception), *and Doe v. Mindgeek USA Inc.*, 574 F. Supp. 3d 760, 773–74 (C.D. Cal. 2021). We have not had the opportunity to address the issue until now. We hold that for a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's own conduct violated section 1591.

## A

Both parties to the appeal claim that the text of FOSTA is unambiguous. Thus, we must first "determine whether the language is clear and unambiguous, and if so, apply it as written." *Thrifty Oil Co. v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 322 F.3d 1039, 1057 (9th Cir. 2003). Accordingly, we commence our analysis by considering the plain text of the statute. *Ross v. Blake*, 578 U.S. 632, 638 (2016). Doing so, we conclude that the plain text of FOSTA and precedent interpreting a similar immunity exception establishes that a website can only be held liable if its own conduct—not a third party's—violates 18 U.S.C. §1591.

Section 230(e)(5)(A) reads as follows: "[n]othing in [section 230] shall be construed to impair or limit [ ] any claim in a civil action brought under section

8

1595 of Title 18, if *the conduct underlying the claim* constitutes a violation of section 1591 of that title. . . ."[1]  47 U.S.C. § 230(e)(5)(A) (emphasis added).  The Supreme Court interpreted analogous language in a similar context in *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015).  There, the Court considered the commercial activity exception to the Foreign Sovereign Immunities Act, which removes foreign states' sovereign immunity in any action "*based upon* a commercial activity carried on in the United States."  *Id.* at 29 (quoting 28 U.S.C. § 1605(a)(2)) (emphasis added).  *Sachs* held that, to ascertain the conduct that a claim is "based upon," courts should identify "those elements [of a claim] that, if proven, would entitle a plaintiff to relief" and "the gravamen of the complaint."  *Id.* at 33 (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993)).  In that case, the plaintiff sued an Austrian railway after she was injured in an accident that occurred in Austria, but she purchased her rail ticket in Massachusetts.  *Id.* at 29–30.  Because the gravamen of her claim—the accident and her injuries—occurred abroad, her claim was not "based upon" domestic activity, and the exception did not apply.  *Id.* at 35.

---

[1] The parties agree that "the claim," as used in "the conduct underlying the claim" refers to the "claim in a civil action brought under section 1595."  We agree, given the proximate uses of "claim" in the sentence, coupled with the definite article "the."  *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1483 (2021) (the use of a definite article with a singular noun speaks to a "discrete thing").

We agree with Reddit that "underlying" and "based upon" are analogous, so *Sachs'* interpretation is instructive. *See Underlying*, Merriam-Webster's Collegiate Dictionary (11th ed. 2020) ("underlying" means "basic" or "foundational"). Granted, the "gravamen" inquiry in *Sachs* was fact-bound: the Court considered the totality of plaintiff's allegations and identified those most central to her lawsuit. *Id.* at 35–36. In contrast, this appeal requires us to make a binary determination as a matter of law. But the basic thrust of *Sachs*—that a claim is "based upon" its most important components, or in other words, the facts "underlying" a claim are those most important to proving the claim—is commonsense, and has logical import here.

In a sex trafficking beneficiary suit *against a defendant-website*, the most important component is the *defendant-website's* own conduct—its "participation in the venture." *See* 18 U.S.C. § 1595(a) (authorizing lawsuits against those who "benefit[] . . . from participation in a [trafficking] venture"). A complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—would not survive. Proof that a user committed criminal trafficking may "entitle a plaintiff to relief" in a case against the *user*, but not against the website. *Sachs*, 577 U.S. at 33.

The structure of the plaintiffs' complaint confirms how central Reddit's conduct is to their case. Although the plaintiffs take the position that the conduct

10

"underlying" their claim is the conduct of the Reddit users who posted the offending images and videos, very little of their complaint describes the trafficking conduct itself. Rather, the complaint focuses on the facts critical to Reddit's liability—the ways that Reddit makes money from permitting child pornography on its platform and Reddit's responses to reports of that pornography. Because we conclude that the "gravamen" of a section 1595 beneficiary claim is the defendant's participation in and benefit from the trafficking scheme, we hold that a defendant-website's own conduct must "underl[ie]" the claim for purposes of 47 U.S.C. § 230(e)(5)(A). As such, a website's own conduct must violate 18 U.S.C. § 1591 for the immunity exception to apply.

**B**

To the extent doubt remains about the meaning of section 230(e)(5)(A), FOSTA's wider statutory context confirms our reading. *See Niz-Chavez*, 141 S. Ct. at 1482 (taking a "wider look at [the] statutory structure" to confirm statutory meaning).

Alongside section 230(e)(5)(A), FOSTA added two other trafficking-related immunity exceptions to the CDA: sections 230(e)(5)(B) and (C). Those provisions permit states to prosecute websites if "*the conduct underlying the charge*" would violate 18 U.S.C. § 1591 or 18 U.S.C. § 2421A, which criminalize the facilitation of child sex trafficking and prostitution, respectively. 47 U.S.C. § 230(e)(5)(B)–

11

(C). Because "identical words and phrases within the same statute should normally be given the same meaning," we assume that "the conduct underlying" has the same meaning across the three provisions. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007). This is "doubly appropriate" here, *id.*, because the provisions are adjacent and were enacted simultaneously, *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020).

Because subsections (B) and (C) authorize criminal prosecutions, there is good reason to think that "the conduct underlying the charge" as used in (B) and (C) refers only to the defendant's own conduct. Reading criminal statutes, we "presume[] that Congress did not intend to 'dispense with a conventional mens rea element, which would require that the defendant know the facts that make his conduct illegal.'" *United States v. Collazo*, 984 F.3d 1308, 1324 (9th Cir. 2021) (*quoting Staples v. United States*, 511 U.S. 600, 605 (1994)). Applying this principle here, we presume subsection (B) permits states to prosecute websites for trafficking only if the defendant "knowingly" facilitated trafficking, in violation of 18 U.S.C. § 1591. *See* § 1591(e)(4). And we presume subsection (C) permits states to prosecute websites for promoting or facilitating prostitution only if the website "inten[ded]" to do so, in violation of 18 U.S.C. § 2421A(a). In short, we presume these provisions authorize criminal prosecutions only for a defendant's own crimes. Because section 230(e)(5)(A) uses the same language, we read it to

include the same limitation. *See Powerex*, 551 U.S. at 232. The statutory context reinforces our conclusion that section 230(e)(5)(A) removes section 230 immunity only when a website violates 18 U.S.C. §1591.

C

Although we conclude that the language and structure of the statute resolves its meaning, FOSTA's original legislative proponents' understanding about how FOSTA would be interpreted and applied once several amendments had been made to their original legislation decidedly supports Reddit's interpretation.

In 1996, Congress passed section 230 to promote development of the internet's "vibrant and competitive free market" and "diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity." Telecommunications Act of 1996, Pub. L. No. 104-104, § 509, 110 Stat. 56, 138 (codified at 47 U.S.C. § 230(a)(3)). But by the 2010s, there was the growing sense that websites like Backpage.com were taking advantage of the immunity afforded by section 230 to facilitate online sex trafficking and promote illegal pornography. 164 Cong. Rec. S1854 (daily ed. Mar. 21, 2018) (statement of Sen. McCaskill). A congressional investigation of Backpage.com revealed that minors were being advertised for sex work on the platform and that Backpage.com participated in the scheme by "affirmatively

13

edit[ing] ads that it kn[ew] [we]re selling children for sex" to avoid having to remove the ads from the platform. *Id.* at S1851 (statement of Sen. Blumenthal).

Although section 230 as originally enacted did not immunize websites like Backpage.com from federal criminal sex trafficking laws, *see* 47 U.S.C. § 230(e)(1), it was unclear whether states could bring analogous prosecutions. Courts were also reluctant to hold websites liable in any civil trafficking suits stemming from user-posts, even if the website participated in the scheme. *See, e.g., Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016).

Congress passed FOSTA in 2018 to address these issues. The purpose of the bill was "to give survivors their day in court . . . [and] open avenues of prosecution to law enforcement where they are currently roadblocked." 164 Cong. Rec. S1851 (daily ed. March 21, 2018) (statement of Sen. Blumenthal); *see* 164 Cong. Rec. H1291 (daily ed. Feb. 27, 2018) (statement of Rep. Jackson Lee) (noting that the bill would allow victims to hold accountable "online ad services and websites that facilitate or allow sex trafficking"). As first introduced in the House, FOSTA simply stated that section 230 did not "impair the enforcement of, or limit availability of victim restitution or civil remedies under . . . civil laws relating to sexual exploitation of children or sex trafficking." H.R. 1865, 115th Cong. § 3 (Apr. 3, 2017). S. 1693, 115th Cong. § 3 (Aug. 1, 2017). This version of FOSTA

would have created an immunity exception for all section 1595 claims against websites.

Opponents of the bill, however, were concerned that it would "bring a deluge of frivolous litigation targeting legitimate, law-abiding intermediaries" because it was "unbounded by any actual knowledge" requirement. *The Stop Enabling Sex Traffickers Act of 2017: Hearing on S. 1693 Before the S. Comm. on Com., Sci. & Transp.*, 115th Cong. 35 (2017) (statement of Abigail Slater, General Counsel, Internet Association). These opponents suggested amendments to require "a clear sense of knowing," as to "not damage those who are truly trying to grow and innovate based on that protection they get from lawsuits." *Id.* at 53 (statement of Xavier Becerra, Attorney General of Cal.).

In response, the Senate altered the bill to its current form to "eliminate section 230 as a defense for websites that *knowingly* facilitate sex trafficking." S. Rep. No. 115-199, at 2 (2018) (emphasis added). As reintroduced, the bill's "knowing standard" was intended to create a "high bar" for liability. *The Stop Enabling Sex Traffickers Act of 2017, Hearing on S. 1693 Before the Comm. on Commerce, Sci., and Transp.*, 115 Cong. 9 (2017). Indeed, Representative Ann Wagner, the House bill's original sponsor, complained that the new version so dramatically "narrowed" the immunity exception and that "the 'knowingly' mens rea standard . . . w[ould] not provide operational recourse to justice for victims

15

across the country and thus may not actually prevent future victimization." *The Latest Developments in Combating Online Sex Trafficking: Hearing Before the Subcomm. on Commc'ns & Tech. of the H. Comm. on Energy & Com.*, 115th Cong. 4 n.7 (2018).

On this record, it is clear that FOSTA requires that a defendant-website violate the criminal statute by directly sex trafficking or, with actual knowledge, "assisting, supporting, or facilitating" trafficking, for the immunity exception to apply. We agree with Representative Wagner that, as enacted, 47 U.S.C. § 230(e)(5)(A) retains only a limited capacity to accomplish its original goal of allowing trafficking victims to hold websites accountable. However, this is a flaw, or perhaps a feature, that Congress wrote into the statute, and is not one we can rewrite by judicial fiat.

## III

Having concluded that 47 U.S.C. § 230(e)(5)(A) requires that a defendant-website's own conduct violate 18 U.S.C. § 1591, we must decide whether the plaintiffs have alleged that Reddit did so in this case. Section 1591 punishes anyone who "knowingly . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in [a sex trafficking act], knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . ." 18 U.S.C. § 1591(a)(2). "Participation in a

16

venture," in turn, is defined as "knowingly assisting, supporting, or facilitating" sex trafficking activities. *Id.* § 1591(e)(4). Accordingly, establishing criminal liability requires that a defendant knowingly benefit from knowingly participating in child sex trafficking.

We agree with the reasoning of other courts to address the issue that, to hold a defendant criminally liable as a beneficiary of sex trafficking, the defendant must have actually "engaged in some aspect of the sex trafficking." *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (a plaintiff must allege some "specific conduct [by the defendant] that furthered the sex trafficking venture . . . undertaken with knowledge" of the venture). To run afoul of § 1591, a defendant must knowingly benefit from and knowingly assist, support, or facilitate sex trafficking activities. Mere association with sex traffickers is insufficient absent some knowing "participation" in the form of assistance, support, or facilitation. *See* 18 U.S.C. § 1591(e)(4). The statute does not target those that merely "turn a blind eye to the source of their [revenue]." *Afyare*, 632 F. App'x at 286. And knowingly benefitting from participation in such a venture requires actual knowledge and"a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).

17

In this case, the plaintiffs have not alleged that Reddit knowingly participated in or benefitted from a sex trafficking venture. They allege that Reddit provides a platform where it is easy to share child pornography, highlights subreddits that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as subreddit moderators, and fails to remove child pornography even when users report it, as the plaintiffs did in this case. Together, they say, this amounts to knowing participation in a sex trafficking venture.

Taken as true, these allegations suggest only that Reddit "turned a blind eye" to the unlawful content posted on its platform, not that it actively participated in sex trafficking. *See Afyare*, 632 F. App'x at 286. Moreover, the plaintiffs have not alleged a connection between the child pornography posted on Reddit and the revenue Reddit generates, other than the fact that Reddit makes money from advertising on all popular subreddits. *See Noble*, 335 F. Supp. 3d at 524 (finding insufficient connection between general benefits defendant received from working for individual who perpetrated sex trafficking and the perpetrator's conduct toward the victim). Plaintiffs who have successfully alleged beneficiary liability for sex trafficking have charged defendants with far more active forms of participation than the plaintiffs allege here. *See, e.g.*, *Canosa v. Ziff*, No. 18 CIV. 4115 (PAE), 2019 WL 498865, at *23–24 (S.D.N.Y. Jan. 28, 2019) (denying motion to dismiss

18

beneficiary liability claims where plaintiffs alleged affiliates of Harvey Weinstein lured victims "through the promise of production deals," provided Weinstein "medications he required to perform sexual acts," and "cleaned up after his sexual assaults"). As such, the plaintiffs have failed to state a claim that Reddit violated 18 U.S.C. § 1591.

## CONCLUSION

We conclude, based on the law as written by Congress, that civil plaintiffs seeking to overcome section 230 immunity for sex trafficking claims must plead and prove that a defendant-website's own conduct violated 18 U.S.C. § 1591.

For claims based on beneficiary liability, this requires that the defendant knowingly benefited from knowingly facilitating sex trafficking. Because the plaintiffs have not plead that Reddit has done so in this case, we **AFFIRM.**

R. NELSON, Circuit Judge, concurring in part:

I join the majority opinion except those portions of Section II.C that discuss the legislative history of FOSTA. The panel concludes that FOSTA is unambiguous as to whose conduct triggers the exception to Section 230 immunity. "When the statutory language is unambiguous and the statutory scheme is coherent and consistent, our inquiry comes to an end, without any inquiry into legislative history." *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 562 (9th Cir. 2016). In my view, the discussion of proposed amendments to FOSTA that were eventually enacted supports the panel's holding that FOSTA's language is unambiguous. *Cf. BNSF Ry. Co. v. Loos*, 139 S. Ct. 893, 906 (2019) (Gorsuch, J., dissenting) (distinguishing "record of *enacted* changes Congress made to the relevant statutory text" from "unenacted legislative history"). The discussion in Section II.C of statements from FOSTA's sponsor, supporters, and opponents, by contrast, fall squarely within legislative history that the panel need not and should not consider since FOSTA's text is clear. Thus, I would conclude our analysis without relying on those statements.